UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BERNADINE D. & CLARENCE GEITZ, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )    No. 4:15-CV-325 CAS ) |
| JANSSEN RESEARCH & DEVELOPMENT LLC, et al., | ) ) ) |
| Defendants. | ) |

## ORDER CONCERNING JURISDICTION

This diversity matter is before the Court on review of the file. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction[.]" Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). Statutes conferring diversity jurisdiction are to be strictly construed, Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992), and the burden of proving all jurisdictional facts is on the party asserting jurisdiction, here the plaintiffs. See McNutt v. General Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189 (1936). "[T]he court may . . . insist that the jurisdictional facts be established or the case be dismissed[.]" Id.

In this case, plaintiffs' complaint asserts that jurisdiction exists based on diversity of citizenship. Complaint at 1-2, ¶ 1. Title 28 U.S.C. § 1332 requires complete diversity of citizenship between plaintiffs and defendants. Buckley v. Control Data Corp., 923 F.2d 96, 97, n.6 (8th Cir. 1991). To establish complete diversity of citizenship, a complaint must include factual allegations of each party's place of citizenship. Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir.

1987); see 28 U.S.C. § 1332(a).  For limited liability companies such as defendants Janssen Research & Development LLC, f/k/a Johnson and Johnson Pharmaceutical Research and Development LLC ("Janssen R&D"), and Janssen Ortho LLC, the Court must examine the citizenship of each member of the limited liability company for purposes of diversity jurisdiction. See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004).

The complaint alleges that defendant Janssen R&D is organized under the laws of New Jersey and has its principal place of business in New Jersey.  Complaint at 6-7, ¶ 29.  The complaint alleges that defendant Janssen Ortho LLC is organized under the laws of Delaware and has its principal place of business in Puerto Rico.  Id. at 8, ¶ 41.[1]  "[A]n LLC is not necessarily a citizen of its state of organization but is a citizen of each state in which its members are citizens." GMAC, 357 F.3d at 829.  The complaint contains no allegations as to the relevant jurisdictional facts concerning defendants Janssen R&D and Janssen Ortho LLC's citizenship: the state(s) of which each of their members are citizens, as required by GMAC.  For these defendants' members that are limited liability companies, partnerships or limited partnerships, information concerning their underlying members or partners must be alleged.[2]

As a result, the complaint does not contain sufficient allegations of jurisdictional facts to establish the existence of diversity jurisdiction.  Plaintiffs will be required to amend their complaint

---

[1] In contrast, plaintiffs allege on information and belief that defendant Bayer Corporation, an Indiana corporation with its principal place of business in Pennsylvania, is the sole member of defendant Bayer Healthcare LLC.  Complaint at 11, ¶¶ 63-64.

[2] In Carden v. Arkoma Associates, 494 U.S. 185, 195-96 (1990), the Supreme Court held that for diversity purposes, the citizenship of a limited partnership is the citizenship of each of its partners, both general and limited.

2

to correct this deficiency. Plaintiffs will be granted seven (7) days to file an amended complaint that alleges facts showing complete diversity of citizenship among the parties. Plaintiffs' failure to timely and fully comply with this Order will result in the dismissal of this case without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that by **February 27, 2015**, plaintiffs shall file an Amended Complaint that alleges facts establishing the citizenship of all parties to this action.

**IT IS FURTHER ORDERED** that if plaintiffs do not timely and fully comply with this order, this matter will be dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   20th   day of February, 2015.